**Sarabjit SINGH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–71916.

United States Court of Appeals, Ninth Circuit.

Submitted May 20, 2008.*

Filed May 28, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Sarnata Reynolds, Berkeley, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Gladys M. Steffens–Guzman, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

R.App. P. 34(a)(2).

Before: PREGERSON, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM **

Sarabjit Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an Immigration Judge's ("IJ") decision denying Singh's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the IJ's and BIA's denial of petitioner's claims on the basis of an adverse credibility finding, and we grant the petition for review, and remand. *See Malhi v. INS,* 336 F.3d 989, 992 (9th Cir.2003).

■ The IJ's adverse credibility determination is not supported by substantial evidence. The IJ and BIA failed to adequately consider whether Singh, who had previously found been credible during an asylum interview, suffered from translation difficulties during his merits hearing. *See He v. Ashcroft,* 328 F.3d 593, 598 (9th Cir.2003) ("Even where there is no due process violation, faulty or unreliable translations can undermine the evidence on which an adverse credibility determination is based"); *see also Turcios v. INS,* 821 F.2d 1396, 1400 (9th Cir.1987); *Paredes–Urrestarazu v. INS,* 36 F.3d 801, 818 (9th Cir.1994).

■ In addition, the IJ's denial of asylum on a discretionary basis is not supported by substantial evidence. The IJ failed to consider positive equities that weighed in Singh's favor. *See Kalubi v. Ashcroft,* 364 F.3d 1134, 1140 (9th Cir. 2004) (requiring that the IJ consider both positive and negative equities in making this determination.).

Furthermore, the BIA failed to conduct an individualized analysis of country conditions as to Singh's CAT claim. *See Nuru v. Gonzales,* 404 F.3d 1207, 1217–18 (9th Cir.2005).

Accordingly, we grant the petition, and remand to the agency for further consideration consistent with these proceedings. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED, REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

